**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RICHARD SCHULTZ,**

Plaintiff,

v.

**TOM HANCULAK, et al.,**

Defendants.

CASE NO. 1:24 CV 224

JUDGE CHARLES E. FLEMING

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Richard Schultz filed this action against Pepper Pike Prosecutor Tom Hanculak, and Shaker Heights Municipal Court Judge Anne Walton Keller.  Plaintiff contends he was wrongfully convicted of a crime in the Shaker Heights Municipal Court for violating a restraining order that was issued in his domestic relations case.  (ECF No. 1, PageID #2–5).  He seeks monetary damages and an order enjoining the Shaker Heights Municipal Court from discriminating against individuals with disabilities.  (*Id.* at PageID #2, 5).

## I.    BACKGROUND

Plaintiff indicates he was divorced from his wife in August 2022.  (*Id.*at PageID #3).  He contends that as part of his divorce decree, all restraining orders were lifted and set aside.  (*Id.*).  He claims that, in September 2022, he received a letter indicating that certain unspecified medical benefits would end on September 12, 2022.  (*Id.*).  He states that the letter instructed him to contact the benefits director.  (*Id.*).  He does not indicate who wrote the letter.   Plaintiff states he emailed the benefits director stating that his benefits should not be terminated, since the divorce case was pending on appeal.  (*Id.*).  He states he was arrested for contacting the benefits director and charged with violating a restraining order.  (*Id.*).

1

Plaintiff contends that he is innocent of the crime because the domestic relations court set aside all restraining orders.  (*Id.*).  He states that Pepper Pike Prosecutor Tom Hanculak "lied repeatedly on the record in court proceedings that the legal aspect of reckless under the definition of the law was violated . . . ."  (*Id.*).  He states that the court retaliated against him by calling him names to slander him and paint him in a bad light for the jury.  (*Id.* at PageID #4).  He states he was required to pay a substantial amount of money up front but does not explain this statement.  (*Id.*).  He indicates he filed financial statements with the court to demonstrate poverty, but was unable to file critical legal documents due to the cost.  (*Id.*).  He states he had to go to a different Ohio court to get subpoena forms.  (*Id.*).  He alleges Judge Anne Walton Keller quashed his subpoenas and would not allow his witnesses to testify.  (*Id.* at PageID #4–5).  Plaintiff was convicted by a jury on November 17, 2023; he was sentenced to 180 days in jail with 3 days jail time credit and 177 days suspended, and probation.  (*State of Ohio v. Schultz*, No. 22CRB00920 (Feb. 27, 2024)).

Plaintiff asserts that the Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89, when they charged and convicted him with violating a restraining order while he was suffering from long COVID-19.  (ECF No. 1, PageID #3).  He indicates he was diagnosed with long covid in 2022.  (*Id.* at PageID #3, 5, 8).  He claims this means he can assert his claims under the ADA.  (*Id.* at PageID #2).  He also claims he was denied due process.  (*Id.*).

## II.    STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney.  *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  District courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*,

a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).  Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter.  *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). Plaintiff's claims lack an arguable basis in law.

## III.   DISCUSSION

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs, and activities provided by a state or local government, which are the subject of Title II; and (3) public accommodations offered by private entities, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004).  Title II is the only subsection that arguably applies here; however, it does not provide a cause of action against individual Defendants. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004).  Title II specifically limits relief to claims asserted against "any State or local government." 42 U.S.C. § 12131(1)(A)).  Plaintiff names only Tom Hanculak and Anne Walton Keller as Defendants.  (ECF No. 1).  Since neither are a "State or local government," they are not subject to suit under the ADA.

Furthermore, even if Plaintiff had identified a defendant against whom an ADA claim could lie, he has not alleged any facts to suggest that the ADA is applicable in any way to this case. Title II states that "no qualified individual with a disability shall, *by reason of such disability*,

be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added).  Plaintiff alleges that he was diagnosed with long covid, but that does not mean that the perceived wrongs against him violate the ADA.  (*Id.* at PageID #3, 8).  The ADA is a discrimination statute, not a basic civility code.  *Rorrer v. City of Stow*, 743 F.3d 1025, 1046–47 (6th Cir. 2014).  Plaintiff cannot simply allege an illness or medical condition and conclude that all negative interactions he experiences are a violation of the ADA.  Plaintiff must also allege facts to suggest that the Defendants discriminated against him by reason of his disability.  Here, the Complaint is devoid of any allegation that suggests Defendants' actions were motivated by his disability.  While Plaintiff need not prove his *prima facie* case in his Complaint, he is still obligated to allege facts from which an inference can be drawn that all the material elements of his claim can be proven.  The Complaint falls short of meeting these pleading standards.

Plaintiff also asserts that he was denied due process in his criminal proceedings.  (ECF No. 1, PageID #2).  In order to recover damages in a civil rights action for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the Plaintiff must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  A claim for damages based on a conviction or sentence that has not been invalidated is not cognizable in a civil rights action.  *Id.*  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).  Plaintiff's claim that he was denied due process in his criminal proceedings would call into question the validity of his conviction.  That claim is therefore barred by *Heck* unless his conviction was invalidated.  He filed this case on

4

February 6, 2024.  (ECF No. 1).  He was not sentenced until the following day, February 7, 2024.  *United States v. Schultz*, No. 22CRB00920 (Feb. 7, 2024).  He does not state that his conviction was overturned on appeal, or otherwise invalidated.  (*See* ECF No. 1).  This claim is not cognizable in a civil rights action.

Finally, even if Plaintiff had asserted a viable claim against Defendants, they are both immune from suits for damages.  Judges are entitled to judicial immunity for decisions made while presiding over a case in their court.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Prosecutors are also entitled to prosecutorial immunity for initiating a prosecution and in presenting the government's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  That immunity is extended to cover activities undertaken "in connection with [the] duties in functioning as a prosecutor."  *Imbler*, 424 U.S. at 431.  Plaintiff's Complaint against Judge Keller and Prosecutor Hanculak concerns actions allegedly taken in the course of litigating his criminal case.  Both Defendants are immune from suits for damages arising from these actions.

## IV.    CONCLUSION

Accordingly, this action is **DISMISSED**.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith.

**IT IS SO ORDERED.**

**Date: April 22, 2024**

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**